UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QSOFT CONSULTING LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No._____( ) |
| | ) |
| TEDDY TONG and TDTONG LTD., | ) |
| | ) |
| Defendants. | ) |

**QSOFT CONSULTING LIMITED'S MOTION FOR LEAVE
TO FILE CERTAIN EXHIBITS IN SUPPORT OF ITS VERIFIED COMPLAINT
AND ITS MOTION FOR PRELIMINARY INJUNCTION UNDER SEAL**

Plaintiff QSoft Consulting Limited ("QSoft"), by and through its undersigned attorneys, hereby moves (the "Motion") this Court for an order granting plaintiff leave to file under seal certain exhibits in support of QSoft's Verified Complaint and in support of QSoft's Motion for Preliminary Injunction. In support of its Motion, QSoft respectfully states as follows:

1. Concurrently with this Motion, QSoft filed a Verified Complaint against Defendants Teddy Tong and tdtong ltd. (collectively "Defendants") seeking relief under the Controlling the Assault of Non-Solicited Pornography and Marketing Act, 15 U.S.C. § 7701 et. seq (the "CAN-SPAM Act"), the Computer Fraud and Abuse Act, 18 U.S.C.§ 1020 et. seq, the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125 ("ACPA"), Section 43(c) of the Lanham Act, 15 U.S.C. § 1125, and Delaware's Deceptive Trade Practice Act, 6 Del. C. § 2531 et. seq. The Verified Complaint also asserts common law trespass to chattel, breach of contract, and trademark infringement and unfair competition claims against Defendants. In addition, QSoft contemporaneously filed a Motion for Preliminary Injunction seeking to enjoin Defendants from spamming QSoft members with unsolicited commercial messages and to enjoin Defendants'

DEL 86185026v2

infringing use of QSoft's protected marks through acts of cybersquatting by transferring the infringing domain names to QSoft.

2.   In support of its Verified Complaint and Motion for Preliminary Injunction, QSoft has included certain exhibits that (a) contain the private information of third-parties, namely QSoft's customers, or (b) are sexually explicit in nature. Examples of such exhibits are as follows:

a) **Exhibit D/ Exhibit 1**[1] - QSoft's United States print advertisements;

b) **Exhibit F/ Exhibit 7** - Examples of Teddy Tong's use of <gayhost.org> to refer traffic to iFriends.net and other adult oriented webcam "chat room" websites;

c) **Exhibit G** - Electronic messages written by Gaydar Members believing that the "spam" messages were being sent by QSoft or one of GAYDAR websites;

d) **Exhibit H/ Exhibit 8** - Electronic message written by an irate Gaydar Member who believed that the "spam" messages were sent (or could have been sent) by QSoft or one of the GAYDAR websites; and

e) **Exhibit I** - Unsolicited commercial messages sent from one of Teddy Tong's <gaydar.co.uk> fraudulently obtained accounts.

2.   The Third Circuit recognizes the existence of a common law right to "inspect and copy public records, including judicial records and documents." *U.S. v. Criden*, 648 F.2d 814 (3d Cir. 1981) (citation omitted) (*Criden I*). Nevertheless, "[j]ust as this right of access is firmly entrenched, so also is the correlative principle that the right of access" is not absolute. *Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 344 (3d Cir. 1986).

---

[1] Exhibits designated by a letter are exhibits to the Verified Complaint. Exhibits designated by a number are exhibits to the Motion for Preliminary Injunction.

3.  The public's right of access must be balanced against factors militating access. *Id.* Factors counseling against access include "improper use, including publication of scandalous, libelous, pornographic, or trade secret material; infringement of fair trial rights of the defendants or third persons; and residual privacy rights." *Criden I*, 648 F.2d at 830 (concurring opinion). Another such factor is a third-party's privacy concerns. *U.S. v. Criden*, 681 F.2d 919, 921 (3d Cir. 1982) (*Criden II*); *see also Rossbach v. Rundle*, 128 F.Supp.2d 1348, 1353 (S.D. Fla. 2000) (balancing the presumption of openness against the competing interest of a third-party's privacy concerns).

4.  Here, the privacy interests of third-parties, QSoft's customers, far outweighs the public's right of access to certain exhibits filed in support of QSoft's Verified Complaint and its Motion for Preliminary Injunction. QSoft owns and operates several online gay and lesbian communities where QSoft members can meet, chat, or access other Internet-based services. These services include the ability to send and receive electronic communications to and from other Gaydar Members, and other features such as chat rooms, online content, or online applications offered from time to time by QSoft in connection with QSoft's websites. Given the size of QSoft's customer base and the discreet nature of the dating services it offers, QSoft's customers have a substantial interest in protecting their identity and privacy. The general public has no interest in such information. Accordingly, there is no public interest that outweighs the substantial private interests of QSoft's customers.

5.  By this Motion, QSoft requests leave to file **Exhibits G, H, and 8** under seal as those exhibits contain the user names and the electronic mail addresses of several QSoft customers. Once filed and to the extent necessary, the Court may then review the

sealed exhibits and make a determination as to privacy concerns of QSoft's customers. *See Reyes v. Freeberry*, 192 Fed. Appx. 120, 125 (3d Cir. 2005) (noting that the purpose of the sealing order was to allow the judge time to make reasoned judgments regarding the material's confidential nature and the privacy concerns of third parties).

      6.      Furthermore, QSoft seeks leave to file **Exhibits D, F, I, 1, and 7** under seal as those exhibits contain adult-oriented, sexually explicit content. Specifically, the exhibits contain pornographic material that may be offensive to a certain segment of society. *See Davis v. Harris*, No. 03-3007, 2006 WL 1474662 (C.D. Ill. May 25, 2006) (pornographic images filed under seal); *Harrison v. Calderon*, Case No. 95-3635SI, 2000 WL 74017 (N.D. Cal. Jan. 18, 2000) (sexually explicit and pornographic magazine photos, movie reviews, and information filed under seal). Accordingly, the interests in filing these exhibits under seal outweigh any public interest in having access to such material.

      WHEREFORE, for the reasons set forth above, QSoft respectfully requests that the Court enter an order,

      (a)      granting QSoft leave to file **Exhibits D, F, G, H, and I** to the Verified Complaint under seal;

      (b)      granting QSoft leave to file **Exhibits 1, 7, and 8** to the Motion for Preliminary Injunction under seal, and

(c)  granting QSoft any other relief that Court deems just and appropriate.

Dated: June 19, 2007

**GREENBERG TRAURIG, LLP**

Donald J. Detweiler (I.D. #3087)
Sandra G. M. Selzer (I.D. #4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
302-661-7000
*detweilerd@gtlaw.com*
*selzers@gtlaw.com*

-and-

Paul D. McGrady
Anthony L. Abboud
Paul A. Del Aguila
Jason B. Elster
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
312-456-8400

Attorneys for QSoft Consulting Limited

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QSOFT CONSULTING LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No._____ ( ) |
| | ) |
| TEDDY TONG and TDTONG LTD., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING QSOFT CONSULTING LIMITED'S
MOTION FOR LEAVE TO FILE CERTAIN EXHIBITS IN
SUPPORT OF ITS VERIFIED COMPLAINT AND ITS MOTION FOR
PRELIMINARY INJUNCTION UNDER SEAL**

This matter having come before the Court on *QSoft Consulting Limited's Motion For Leave To File Certain Exhibits In Support Of Its Verified Complaint And Its Motion For Preliminary Injunction Under Seal*; and, after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that QSoft may file **Exhibits D, F, G, H, and I** to the Verified Complaint under seal, subject to further order of the Court; and

IT IS FURTHER ORDER that QSoft may file **Exhibits 1, 7, and 8** to the Motion for Preliminary Injunction under seal, subject to further order of the Court.

Dated: _____, 2007

_____
Judge, United States District Court,
District of Delaware

DEL 86185026v2