IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QSOFT CONSULTING, LIMITED )
)
Plaintiff, )
)
v. )    C.A. No. 07-cv-391 (JJF)
)
TEDDY TONG and TDTONG LTD. )
)
Defendants. )

**QSOFT CONSULTING LIMITED'S EXPEDITED MOTION FOR
LEAVE TO EFFECTUATE SERVICE VIA ELECTRONIC MAIL**

Plaintiff QSoft Consulting Limited ("QSoft"), by and through its undersigned

attorneys and pursuant to Rules 1, 4(e)(1) and 4(f)(3) of the Federal Rules of Civil

Procedure, hereby moves for leave to effectuate service via electronic mail. In support of

its Motion, QSoft states as follows:

**Background**

1.      On June 19, 2007, QSoft filed its Verified Complaint against Defendants

Teddy Tong and tdtong ltd. (collectively "Defendants") seeking relief under the

Controlling the Assault of Non-Solicited Pornography and Marketing Act, 15 U.S.C.

§ 7701 et. seq (the "CAN-SPAM Act"), the Computer Fraud and Abuse Act, 18

U.S.C.§ 1020 et. seq, the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125

("ACPA"), Section 43(c) of the Lanham Act, 15 U.S.C. § 1125, and Delaware's

Deceptive Trade Practice Act, 6 Del. C. § 2531 et. seq. The Verified Complaint also

asserts common law trespass to chattel, breach of contract, and trademark infringement

and unfair competition claims against Defendants (D.I. 1).

2.      Contemporaneously therewith, QSoft filed a Motion for Preliminary

Injunction (D.I. 3) and a Motion for Leave to File Certain Exhibits in Support of Its

Verified Complaint and Its Motion for Preliminary Injunction Under Seal (the "Motion to Seal") (D.I. 6). By its Motion for Preliminary Injunction, QSoft seeks to enjoin Defendants from spamming QSoft members with unsolicited commercial messages and to enjoin Defendants' infringing use of QSoft's protected marks through acts of cybersquatting by transferring the infringing domain names to QSoft. Furthermore, by its Motion to Seal, QSoft seeks to seal certain exhibits that (a) contain the private information of third-parties, namely QSoft's customers, or (b) are sexually explicit in nature, in order to protect third party confidential information from further public disclosure and to prevent dissemination of pornographic materials via the Court's docket.

3.      Upon information and belief, defendant Teddy Tong is an individual who resides in New Jersey, with a claimed address of 540 10th Ave, #19, Princeton, New Jersey, 08540. Furthermore, upon information and belief, defendant tdtong ltd is a business entity of unknown origin with a claimed address at 540 10th Ave, #19, Princeton, New Jersey, 08540. Defendants regularly conduct business in the State of Delaware via websites on the World Wide Web, which is accessible to Delaware residents.

4.      Defendants are registrants of record for the domain names <gaydarboys.net>, <gaydarcams.net>, <gaydarguyz.com>, and <myqaydar.com>, each of which have been registered through Estdomains, Inc., a Delaware corporation. Pursuant to the domain name registrations for <gaydarboys.net>, <gaydarcams.net>, <gaydarguyz.com>, and <myqaydar.com>, the address listed for the Defendants is 540 10th Ave, #19, Princeton, New Jersey, 08540. *See* WHOIS Records, attached hereto as **Exhibit A** (listing 540 10th Ave, #19, Princeton, New Jersey, 08540 as the Defendants' address).

5.    Defendants are also registrants of <myrealjocks.com>, which was registered through GoDaddy.com.  Pursuant to the domain name registration for <myrealjocks.com>, the address listed for the Defendants is Lengting Ave., 14-51, San Francisco, California 94104.  *See* WHOIS Records, attached hereto as **Exhibit B** (listing Lengting Ave., 14-51, San Francisco, California 94104 as the Defendants' address).

6.    On June 19, 2007, two Summonses were issued to Teddy Tong, one to be served on him at his Princeton, New Jersey address and the second to be served on him at the San Francisco, California address listed with GoDaddy.com.  In addition, two Summonses were also issued to tdtong ltd, one to be served at the Princeton, New Jersey address and the other at the San Francisco, California address.

7.    On June 20, 2007, Goldie Dunn of Brandywine Process Servers attempted to serve the Summons and Verified Complaint on the Defendants but was unable to do so as the Defendants' claimed addresses do not exist.  *See* Declarations of Reasonable Diligence, attached hereto as **Exhibit C** ("address does not exist per Post Office & Mapquest & process server in New Jersey also tdtong, ltd not reg. with State of NJ" and "address does not exist per Post Office & Mapquest & process server in Calif[ornia] also tdtong, ltd not reg. with State of CA").

8.    On June 22, 2007, the Court entered its order (the "Scheduling Order") (D.I. 9) setting the following deadlines:  (a) July 3, 2007 for Defendants' to file their answer brief to Plaintiff's Motion for Preliminary Injunction and (b) July 9, 2007 for Plaintiff's to file a Reply Brief.  A Preliminary Injunction Hearing is scheduled for July 11, 2007.

**Relief Requested**

9.      QSoft requests that this Court permit service of the Summons, Verified

Complaint, Motion for Preliminary Injunction, Motion to Seal and Scheduling Order via

electronic mail on Defendants' known internet and e-mail addresses and domain sites, in

the alternative to its attempts to effectuate service as mandated by Rules 4 and 5 of the

Federal Rules of Civil Procedure.  Otherwise, a just, speedy and inexpensive

determination of the preliminary injunction cannot be achieved.  *See* Fed. R. Civ. P. 1.

As discussed below, relief similar to the relief requested herein has been granted in cases

of this type in other jurisdictions.

**Basis for Relief**

10.      Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, "service

upon an individual from whom a waiver has not been obtained and filed, . . . may be

effected in any judicial district of the United States:  (1) pursuant to the law of the State

in which the district court is located…"  Fed. R. Civ. P. 4(e)(1).  In Delaware, a summons

"may be served on the defendant in the manner prescribed by any rule of court."  10 *Del.*

*C.* § 3103(a).[1]

11.      Additionally, Rule 4(f) of the Federal Rules of Civil Procedure provides

that service may be effected on defendants that may reside outside the United States by

(1) any internationally agreed means, (2) any manner authorized by the foreign country's

laws, or (3) by other means not prohibited by international agreement, as directed by the

court.  *See* Fed. R. Civ. P. 4(f)(1)-(3).

---

[1] Pursuant to the Rules of the Chancery Court, Superior Court, and Court of Common Pleas, a summons may be served under any circumstances and in any manner prescribed by the Court.  *See* Chancery Court Rule 4(d)(7), Superior Court Rules of Civil Procedure Rule 4(f)(1)(VI) and Court of Common Pleas Civil Rule 4(f)(1)(VI).

12.    QSoft submits that one such means, under either Rule 4(e)(1) or 4(f)(3), is service via electronic communication.  That conclusion is supported by the Ninth Circuit's decision in *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002).

13.    In *Rio Properties, Inc. v. Rio International Interlink*, plaintiffs attempted service on a United States address provided by the defendant upon registration of its allegedly infringing name.  *Id.* at 1013.  Located at that address, however, was only the defendant's courier, who would not accept service.  *Id.*  Based on Rule 4(f)(3), the plaintiff filed an emergency motion to serve process via e-mail, which the district court granted.  *Id.*  The Ninth Circuit Court of Appeals affirmed the district's court's authorization of e-mail service, noting that Rule 4(f)(3) ensured "the smooth functioning of our courts of law."  *Id.* at 1016.  The appellate court held that the plaintiff need not have attempted every means of service prior to petitioning the district court for alternative relief, and only needed to show that the circumstances, in the case of an elusive international defendant striving to evade service of process, warranted court intervention.  *Id.*

14.    After finding that Rule 4(f)(3) permitted service by e-mail, the court further examined whether due process requirements were met in that particular case, analyzing whether the method of service was reasonably calculated to provide notice and an opportunity to respond.  *Id.* at 1017.  The Court noted that e-mail communications had been "zealously embraced" by the business community, and that the defendant in this matter had "embraced the modern e-business model and profited immensely from it."  *Id.* at 1018.  In fact, the defendant had structured its business so that it could only be contacted via e-mail.  *Id.*  In finding that due process was met, the Court reflected:

"[I]ndeed when faced with an international e-business scofflaw, playing hide and seek with the federal court, email may be the only means of effecting service of process." *Id.*

15.     Other courts have likewise allowed service of process upon an e-mail address. *See, e.g., Williams-Sonoma, Inc. v. Friendfinder Inc.*, 2007 WL 1140639, (N.D. Cal. April 17, 2007) (Under Rule 4(f)(3), Williams Sonoma was granted leave to serve process via e-mail on foreign defendants who were registered owners of infringing websites who could not be physically located); *Tishman v. The Associated Press*, 2006 WL 288369 (S.D.N.Y. February 6, 2006) (service via e-mail appropriate where traditional service methods impracticable).

16.     QSoft has, in good faith, attempted to serve Defendants by traditional means, and now proposes an alternative, but completely reasonable, method of service. Though they listed two United States addresses when they registered domain names with Estdomains, Inc. and GoDaddy.com, Defendants may reside outside the United States.  In fact, tdtong ltd appears to be a business entity under English law.  Accordingly, because Defendants provided false addresses when registering Internet domain names with Estdomains, Inc. and GoDaddy.com, QSoft is presently unable to get a Summons issued to the Defendants and are unable to otherwise physically locate the Defendants.

17.     Under these hide and seek circumstances, QSoft submits that e-mail service is not only warranted under Rules 4(e)(1) and 4(f)(3), but will also meet any due process notice concerns.  First, Defendants' e-mail addresses - avraam02@yahoo.com, undoblewsolebeside@yahoo.com, maneflauntaloud25@yahoo.com and canvasfaintdiseased@yahoo.com - are all connected to their business websites, and thus Defendants will likely check these e-mail addresses.  Second, QSoft's counsel proposes to use an online service that provides valid proof of authorship, content (e-mail body and

attachments), delivery and official time sent and received. This service is called RPost (www.rpost.com), and has been used by Federal government agencies such as the Department of Defense. Thus, QSoft will provide digital confirmation of delivery to the Court after Defendants receive it. These two reasons, separately or together, cut against any notice concerns.

18.     It serves the interests of justice, not to mention the principles of fairness, to proceed without further delay. Indeed, the Court has scheduled a hearing on QSoft's Motion for Preliminary Injunction for July 11, 2007, and has ordered that Defendants file their response to said motion by July 3, 2007. Accordingly, the Court should grant QSoft leave to serve Defendants Teddy Tong and tdtong ltd with the Summons, Verified Complaint, Motion for Preliminary Injunction, Motion to Seal and Scheduling Order via their business e-mail addresses.

WHEREFORE, for the reasons set forth above, QSoft respectfully requests that the Court enter an expedited order granting QSoft leave to serve the Summons, Verified Complaint, Motion for Preliminary Injunction, Motion to Seal and Scheduling Order on Defendants Teddy Tong and tdtong ltd via electronic mail upon Defendants' known internet and e-mail addresses and domain sites.

Dated:  June 26, 2007

**GREENBERG TRAURIG, LLP**

Donald J. Detweiler (I.D. #3087)
Sandra G. M. Selzer (I.D. #4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
302-661-7000
*detweilerd@gtlaw.com*
*selzers@gtlaw.com*

-and-

DEL 86186372v2 6/25/2007

Paul D. McGrady, Jr.
Anthony L. Abboud
Paul A. Del Aguila
Jason B. Elster
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
312-456-8400

Attorneys for QSoft Consulting Limited

# EXHIBIT A



| Geekteis | RFCs | Hotspots | Tools | Traceroute | Whois |

**IP Route Analytics**
Free white paper on monitoring OSPF EIGRP, BGP, IS-IS, and MPLS VPNs

**WHOIS**
Beginner's Guide to WHOIS.
www.beginnersguide.biz

Ads by Google



**Whois:** gaydarboys.net    Whois >>

Checking server [whois.crsnic.net]

Checking server [whois.estdomains.com]
Results:
Registration Service Provided By: ESTDOMAINS INC
Contact: +1.3027224217
Website: http://www.estdomains.com

Domain Name: GAYDARBOYS.NET

Registrant:
tdtong ltd.
Teddy Tong (wrotepiqueweight@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Creation Date: 21-Nov-2006
Expiration Date: 21-Nov-2007

Domain servers in listed order:
park21.secureserver.net
park22.secureserver.net

Administrative Contact:
tdtong ltd.
Teddy Tong (wrotepiqueweight@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Technical Contact:
tdtong ltd.
Teddy Tong (wrotepiqueweight@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Billing Contact:
tdtong ltd.
Teddy Tong (wrotepiqueweight@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Status:ACTIVE

The data in this whois database is provided to you for informationpurposes only, that is,
to assist you in obtaining information about or related to a domain name registration
record. We make this informationavailable "as is", and do not guarantee its accuracy.
By submitting awhois query, you agree that you will use this data only for
lawfulpurposes and that, under no circumstances will you use this data to:(1) enable
high volume, automated, electronic processes that stress orload this whois database
system providing you this information; or(2) allow, enable, or otherwise support the
transmission of massunsolicited, commercial advertising or solicitations via
fascimile,electronic mail, or by telephone. The compilation, repackaging,dissemination
or other use of this data is expressly prohibited withoutprior written consent from us.
The registrar of record is Critical Internet, Inc.. We reserve the right to modifythese
terms at any time. By submitting this query, you agree to abideby these terms.

Results brought to you by the GeekTools Whois Proxy
Server results may be copyrighted and are used with permission.
Proxy © 1999-2005 CenterGate Research Group LLC.
Your host (66.151.14.170) has visited 4 times today.

**Dedicated Servers $59/mo** - 40GB storage, 1200GB transfer
Linux OS, Plesk, cPanel, and more! www.nexpoint.net

Ads by Google

Advertise

Copyright Centergate® Research Group, LLC 1998 - 2007



IP Route Analytics | WHOIS
Free white paper on monitoring OSPF EIGRP, | Beginner's Guide to WHOIS.
BGP, IS-IS, and MPLS VPNs | www.beginnersguide.biz





**Whois:** gaydarcams.net          Whois >>

Checking server [whois.crsnic.net]

Checking server [whois.estdomains.com]
Results:
Registration Service Provided By: ESTDOMAINS INC
Contact: +1.3027224217
Website: http://www.estdomains.com

Domain Name: GAYDARCAMS.NET

Registrant:
tdtong ltd.
Teddy Tong (wrotepiqueweight@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Creation Date: 15-Nov-2006
Expiration Date: 15-Nov-2007

Domain servers in listed order:
park21.secureserver.net
park22.secureserver.net

Administrative Contact:
tdtong ltd.
Teddy Tong (wrotepiqueweight@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Technical Contact:
tdtong ltd.
Teddy Tong (wrotepiqueweight@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Billing Contact:
tdtong ltd.
Teddy Tong (wrotepiqueweight@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Status:ACTIVE

The data in this whois database is provided to you for informationpurposes only, that is,
to assist you in obtaining information about or related to a domain name registration
record. We make this informationavailable "as is", and do not guarantee its accuracy.
By submitting awhois query, you agree that you will use this data only for
lawfulpurposes and that, under no circumstances will you use this data to:(1) enable
high volume, automated, electronic processes that stress orload this whois database
system providing you this information; or(2) allow, enable, or otherwise support the
transmission of massunsolicited, commercial advertising or solicitations via
fascimile,electronic mail, or by telephone. The compilation, repackaging,dissemination
or other use of this data is expressly prohibited withoutprior written consent from us.
The registrar of record is Critical Internet, Inc.. We reserve the right to modifythese
terms at any time. By submitting this query, you agree to abideby these terms.

---

Results brought to you by the GeekTools Whois Proxy
Server results may be copyrighted and are used with permission.
Proxy © 1999-2005 CenterGate Research Group LLC
Your host (66.151.14.170) has visited 5 times today.

# Dedicated Servers $59/mo

40GB storage, 1200GB transfer Linux OS, Plesk, cPanel, and more! www.nexpoint.net

Ads by Google

Advertise

Copyright Centergate® Research Group, LLC 1998 - 2007



Geektels | RFCs | Hotspots | Tools | Traceroute | Whois

**IP Route Analytics**
Free white paper on monitoring OSPF EIGRP,
BGP, IS-IS, and MPLS VPNs

**WHOIS**
Beginner's Guide to WHOIS.
www.beginnersguide.biz

Ads by Google



**Whois:** gaydarguyz.com     Whois >>

Checking server [whois.crsnic.net]

Checking server [whois.estdomains.com]
Results:
Registration Service Provided By: ESTDOMAINS INC
Contact: +1.3027224217
Website: http://www.estdomains.com

Domain Name: GAYDARGUYZ.COM

Registrant:
tdtong ltd.
Teddy Tong (wrotepiqueweight@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Creation Date: 23-Nov-2006
Expiration Date: 23-Nov-2007

Domain servers in listed order:
park21.secureserver.net
park22.secureserver.net

Administrative Contact:
tdtong ltd.
Teddy Tong (wrotepiqueweight@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Technical Contact:
tdtong ltd.
Teddy Tong (wrotepiqueweight@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Billing Contact:
tdtong ltd.
Teddy Tong (wrotepiqueweight@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Status:ACTIVE

The data in this whois database is provided to you for informationpurposes only, that is,
to assist you in obtaining information about or related to a domain name registration
record. We make this informationavailable "as is", and do not guarantee its accuracy.
By submitting awhois query, you agree that you will use this data only for
lawfulpurposes and that, under no circumstances will you use this data to:(1) enable
high volume, automated, electronic processes that stress orload this whois database
system providing you this information; or(2) allow, enable, or otherwise support the
transmission of massunsolicited, commercial advertising or solicitations via
fascimile,electronic mail, or by telephone. The compilation, repackaging,dissemination
or other use of this data is expressly prohibited withoutprior written consent from us.
The registrar of record is Critical Internet, Inc.. We reserve the right to modifythese
terms at any time. By submitting this query, you agree to abideby these terms.

---

Results brought to you by the GeekTools Whois Proxy
Server results may be copyrighted and are used with permission.
Proxy © 1999-2005 CenterGate Research Group LLC
Your host (66.151.14.170) has visited 6 times today.

**Looking for TCP/IP info?**
Get the latest news, tutorials, white papers, and much more.
Networking.ITtoolbox.com

**IP Address Management**
~~Proteus Enterprise IPAM Appliance Try a live demo now~~                                    Ads b

*Copyright Centergate® Research Group, LLC 1998 - 2007*



Geektels | RFCs | Hotspots | Tools | Traceroute | Whois

| IP Route Analytics | Looking for TCP/IP info? |
| --- | --- |
| Free white paper on monitoring OSPF EIGRP, BGP, IS-IS, and MPLS VPNs | Get the latest news, tutorials, white papers, and much more. |

Ads by Google



**Whois:** myqaydar.com    Whois >>

Checking server [whois.crsnic.net]

Checking server [whois.estdomains.com]
Results:
Registration Service Provided By: ESTDOMAINS INC
Contact: +1.3027224217
Website: http://www.estdomains.com

Domain Name: MYQAYDAR.COM

Registrant:
n/a
Teddy Tong (avraam02@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Creation Date: 23-Nov-2006
Expiration Date: 23-Nov-2007

Domain servers in listed order:
park21.secureserver.net
park22.secureserver.net

Administrative Contact:
n/a
Teddy Tong (avraam02@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Technical Contact:
n/a
Teddy Tong (avraam02@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Billing Contact:
n/a
Teddy Tong (avraam02@yahoo.com)
45 10-th ave #19
Princeton
New Jersey,08540
US
Tel. +001.6099872348

Status:ACTIVE

The data in this whois database is provided to you for informationpurposes only, that is,
to assist you in obtaining information about or related to a domain name registration
record. We make this informationavailable "as is", and do not guarantee its accuracy.
By submitting awhois query, you agree that you will use this data only for
lawfulpurposes and that, under no circumstances will you use this data to:(1) enable
high volume, automated, electronic processes that stress orload this whois database
system providing you this information; or(2) allow, enable, or otherwise support the
transmission of massunsolicited, commercial advertising or solicitations via
fascimile,electronic mail, or by telephone. The compilation, repackaging,dissemination
or other use of this data is expressly prohibited withoutprior written consent from us.
The registrar of record is Critical Internet, Inc.. We reserve the right to modifythese
terms at any time. By submitting this query, you agree to abideby these terms.

---

Results brought to you by the GeekTools Whois Proxy
Server results may be copyrighted and are used with permission.
Proxy © 1999-2005 CenterGate Research Group LLC
Your host (66.151.14.170) has visited 7 times today.

**Dedicated Servers $59/mo** - 40GB storage, 1200GB transfer
Linux OS, Plesk, cPanel, and more! www.nexpoint.net

Ads by Google

Advertise

Copyright Centergate® Research Group, LLC 1998 - 2007

# EXHIBIT B



IP Route Analytics
Free white paper on monitoring OSPF EIGRP,
BGP, IS-IS, and MPLS VPNs

Looking for TCP/IP info?
Get the latest news, tutorials, white papers,
and much more.





**Whois:** myrealjocks.com      Whois >>

Checking server [whois.crsnic.net]

Checking server [whois.godaddy.com]
Results:
The data contained in GoDaddy.com, Inc.'s WhoIs database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy. This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of GoDaddy.com, Inc. By submitting an inquiry,
you agree to these terms of usage and limitations of warranty. In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
and solicitations of any kind, including spam. You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field. In most cases, GoDaddy.com, Inc.
is not the registrant of domain names listed in this database.

Registrant:

Teddy Tong
Lengting ave 14-51
San Francisco, California 94104
United States

Registered through: GoDaddy.com, Inc. (http://www.godaddy.com)
Domain Name: MYREALJOCKS.COM
Created on: 27-Feb-07
Expires on: 27-Feb-08
Last Updated on:

Administrative Contact:
Tong, Teddy undoblewsolebeside@yahoo.com
Lengting ave 14-51
San Francisco, California 94104
United States
14158342352

Technical Contact:
Tong, Teddy undoblewsolebeside@yahoo.com
Lengting ave 14-51
San Francisco, California 94104
United States
14158342352

Domain servers in listed order:
NS1.AWMTHOST.COM
NS2.AWMTHOST.COM

Results brought to you by the GeekTools Whois Proxy
Server results may be copyrighted and are used with permission.
Proxy © 1999-2005 CenterGate Research Group LLC
Your host (66.151.14.170) has visited 8 times today.

# Dedicated Servers $59/mo - 40GB storage, 1200GB transfer
Linux OS, Plesk, cPanel, and more! www.nexpoint.net

Ads by Google

Advertise

Copyright Centergate® Research Group, LLC 1998 - 2007

# EXHIBIT C

COURT OF THE STATE OF

COUNTY OF

_____

QSOFT CONSULTING LIMITED

Index No. 07-391

-against-

TEDDY TONG & TDTONG, LTD

_____

State of Delaware
County of New Castle                      SS.:

### DECLARATION OF REASONABLE DILIGENCE

__GOLDIE DUNN_____, the undersigned am and was on the dates herein mentioned, over the age of eighteen years, a resident of the State of Delaware and not a party to this action. I received the within SUMMONS & COMPLAINT_____ for service on TEDDY TONG & TDTONG, LTD_____ and that after due search, care inquiry and diligent attempts at the:

(X   ) -Dwelling House          (    ) -Usual Place of Abode          (    ) -Place of Business, I have been unable to make delivery of said process on the within named defendant / witness. I further say that I attempted to serve the within process on the following dates and at the times indicated:   6/21/07_____     _____     _____

_____     _____     _____

LENGTING AVE. 14-51  SAN FRANCISCO, CA

PROCESS IS BEING RETURNED WITHOUT SERVICE FOR THE FOLLOWING REASONS:

NOT FOUND:
(      ) -Moved, Forwarding address unknown.
(      ) -Unknown at address.
(      ) -incorrect place for service.
(XX  ) -No such address.
(      ) -Other:

NON-SERVICE
(      ) -Party is evading Service.
(      ) -Party could not be served within
         the prescribed time before hearing
         date ADDRESS DOES NOT EXIST
(XX  ) -Other. PER POST OFFICE & MAPQUEST
         & PROCESS SERVER IN CALIF.
         ALSO TDTONG, LTD NOT REG. WITH
         STATE OF CA

Sworn to before me this   22ND

    day of JUNE 2007

_____

_____

GOLDIE DUNN

**UNITED STATES POSTAL SERVICE.**

USPS Home | FAQs

**ZIP Code Lookup**

| Search By Address ≫ | Search By City ≫ | Search By Company ≫ | Find All Cities in a ZIP Code™ ≫ |

**Find a ZIP Code by entering an address.**
(You can also search for a partial address, such as "Main Street, Fairfax, VA.")

We're sorry! We were unable to process your request.

The address was not found. Please check the address below.
You may want to utilize the Yellow Pages and/or White Pages below.

* Required Fields

| | |
|---|---|
| * Address 1 | LENGTING AVE. 14-51 |
| Address 2 | Apt, floor, suite, etc. |
| * City | SAN FRANCISCO |
| * State | CA    Find state abbreviation |
| ZIP Code | 08540 |

( Submit > )

**Related Links**

**Address Information Services (AIS) Product**
Standardize your address database or find detailed address information.

**Web Tools**
Access online tools to verify addresses, calculate postage, and more.

**Get Maps Online**
Boost your business with customized maps and reports.

**Business or Residence Lookup**

**Yellow Pages**
Find a business nationwide.
**White Pages**
Find a residence nationwide.

*powered by* **Switchboard**

Site Map    Contact Us    Forms    Gov't Services    Jobs    |    National & Premier Accounts

Copyright © 1999-2005 USPS. All Rights Reserved. Terms of Use    Privacy Policy    NoFEAR Act EEO Data

Postal Inspectors
Preserving the Trust

Inspector General
Promoting Integrity

**UNITED STATES**
**POSTAL SERVICE.**

USPS Home | FAQs

**ZIP Code Lookup**

| Search By Address » | Search By City » | Search By Company » | Find All Cities in a ZIP Code™ » |

**Find a ZIP Code by entering an address.**
(You can also search for a partial address, such as "Main Street, Fairfax, VA.")

We're sorry! We were unable to process your request.

The address was not found. Please check the address below.
You may want to utilize the Yellow Pages and/or White Pages below.

* Required Fields

| | | |
|---|---|---|
| * Address 1 | LENGTING AVE | |
| Address 2 | | Apt, floor, suite, etc. |
| * City | SAN FRANCISCO | |
| * State | CA | Find state abbreviation |
| ZIP Code | | |

( Submit > )

**Related Links**

**Address Information Services (AIS) Product**
Standardize your address database or find detailed address information.

**Web Tools**
Access online tools to verify addresses, calculate postage, and more.

**Get Maps Online**
Boost your business with customized maps and reports.

**Business or Residence Lookup**

**Yellow Pages**
Find a business nationwide.
**White Pages**
Find a residence nationwide.

*powered by* **Switchboard**

Site Map     Contact Us     Forms     Gov't Services     Jobs     |     National & Premier Accounts

Copyright © 1999-2005 USPS. All Rights Reserved. Terms of Use   Privacy Policy   NoFEAR Act EEO Data

**Postal Inspectors**
Preserving the Trust

**Inspector General**
Promoting Integrity

COURT OF THE STATE OF

COUNTY OF
_____

QSOFT CONSULTING LIMITED                                    Index No. 07-391

                    -against-

TEDDY TONG & TDTONG, LTD

_____

State of Delaware
County of New Castle                        SS.:

### DECLARATION OF REASONABLE DILIGENCE

GOLDIE DUNN _____, the undersigned am and was on the dates herein mentioned, over the age of eighteen years, a resident of the State of Delaware and not a party to this action. I received the within SUMMONS & COMPLAINT    for service on TEDDY TONG & TDTONG, LTD _____ and that after due search, care inquiry and diligent attempts at the:

(x  ) -Dwelling House        (  ) -Usual Place of Abode        (  ) -Place of Business, I have been unable to make delivery of said process on the within named defendant / witness. I further say that I attempted to serve the within process on the following dates and at the times indicated: 6/21/07 _____    _____    _____

        _____    _____    _____

    45 10TH AVE. # 19  PRINCETON, NJ  08540

PROCESS IS BEING RETURNED WITHOUT SERVICE FOR THE FOLLOWING REASONS:

NOT FOUND:                          NON-SERVICE
(    ) -Moved, Forwarding address unknown.     (    ) -Party is evading Service.
(    ) -Unknown at address.          (    ) -Party could not be served within
(    ) -incorrect place for service.            the prescribed time before hearing
(xx ) -No such address.                  date ADDRESS DOES NOT EXIST
(    ) -Other:                      (xx ) -Other. PER POST OFFICE & MAPQUEST
                                & PROCESS SERVER IN NEW JERSEY
                                ALSO TDTONG, LTD NOT REG. WITH
                                STATE OF NJ

Sworn to before me this  22ND
    day of JUNE 2007

_____        _____

                            GOLDIE DUNN

**UNITED STATES POSTAL SERVICE.**

USPS Home | FAQs

**ZIP Code Lookup**

| Search By Address >> | Search By City >> | Search By Company >> | Find All Cities in a ZIP Code™ >> |

**Find a ZIP Code by entering an address.**
(You can also search for a partial address, such as "Main Street, Fairfax, VA.")

We're sorry! We were unable to process your request.

The address was not found. Please check the address below.
You may want to utilize the Yellow Pages and/or White Pages below.

* Required Fields

| | |
|---|---|
| * Address 1 | 45 10TH AVE # 19 |
| Address 2 | Apt, floor, suite, etc. |
| * City | PRINCETON |
| * State | NJ   Find state abbreviation |
| ZIP Code | 08540 |

( Submit > )

**Related Links**

**Address Information Services (AIS) Product**
Standardize your address database or find detailed address information.

**Web Tools**
Access online tools to verify addresses, calculate postage, and more.

**Get Maps Online**
Boost your business with customized maps and reports.

**Business or Residence Lookup**

**Yellow Pages**
Find a business nationwide.
**White Pages**
Find a residence nationwide.

*powered by* **Switchboard**

Site Map    Contact Us    Forms    Gov't Services    Jobs    |    National & Premier Accounts

Copyright © 1999-2005 USPS. All Rights Reserved. Terms of Use    Privacy Policy    NoFEAR Act EEO Data

Postal Inspectors
Preserving the Trust

Inspector General
Promoting Integrity

# UNREPORTED DECISIONS

Westlaw.

Slip Copy

Page 1

Slip Copy, 2007 WL 1140639 (N.D.Cal.)
**(Cite as: Slip Copy)**

Williams-Sonoma Inc. v. Friendfinder Inc.
N.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
WILLIAMS-SONOMA INC., Plaintiff,
v.
FRIENDFINDER INC., et al., Defendants.
**No. C 06-06572 JSW.**

April 17, 2007.

Gregory S. Gilchrist, Timothy R. Cahn, Townsend and Townsend and Crew LLP, San Francisco, CA, for Plaintiff.
Joseph E. Addiego, Davis Wright Tremaine LLP, San Francisco, CA, for Defendants.

**ORDER GRANTING IN PART, DENYING IN PART, AND DENYING WITHOUT PREJUDICE IN PART PLAINTIFF'S MOTION TO AUTHORIZE ELECTRONIC MAIL SERVICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

JEFFREY S. WHITE, United States District Judge.

*1 This matter comes before the Court upon consideration of the motion to authorize electronic mail service under Federal Rule of Civil Procedure 4(f)(3) filed by Plaintiff Williams-Sonoma Inc.'s (" WSI"). None of the defendants have filed briefs in opposition to WSI's motion. On April 4, 2007, the Court requested additional briefing from WSI, which was filed on April 13, 2007. Having considered WSI's pleadings, the lack of opposition, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument and HEREBY VACATES the hearing set for April 20, 2007. The case management conference shall remain on calendar on April 20, 2007 at 1:30 p.m.

**BACKGROUND**

On October 20, 2006, WSI filed this action alleging, *inter alia,* the named defendants for trademark infringement. WSI filed its Amended Complaint on January 5, 2007. In its Amended Complaint, WSI seeks relief to prevent the named defendants from using variants of its POTTERY BARN family of marks in source code and metatags, which are used to direct internet users to sexually explicit websites. WSI alleges that the named defendants, many of whom are foreign, are the registered owners of these websites. WSI attests that it has attempted to effect service on the named defendants but has been unable to do so, in some instances because physical addresses are incorrect or because the defendants have refused to accept service. (*See* Declaration of Timothy Cahn, ¶¶ 3-11.) WSI maintains, however, that with the exception of one defendant, it has been able to communicate effectively with defendants via electronic mail. Accordingly, WSI moves the Court to permit it to effect service on defendants via electronic mail or by international mail.

**ANALYSIS**

"Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals." *Rio Properties, Inc. v. Rio International Interlink,* 284 F.3d 1007, 1014 (9th Cir.2002). Rule 4(f), in turn, sets forth the manner in which a plaintiff may effect service on an individual not within any judicial district of the United States. Rule 4(f)(3) provides that service may be effected "by other means not prohibited by international agreement as directed by the court."

Under the plain language of Rule 4(f)(3), a plaintiff must show that the "other means" is not prohibited by international agreement and must obtain a court order to effectuate service in the desired fashion. *See Rio Properties,* 284 F.3d at 1014; *Nanya Techn. Corp. v. Fujitsu Ltd.,* 2007 U.S. Dist.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 2

Slip Copy, 2007 WL 1140639 (N.D.Cal.)
**(Cite as: Slip Copy)**

LEXIS 5754 at *17 (D.Guam. Jan. 2, 2007) (granting motion to effect service by email and international mail on Japanese defendant). In addition, the method of service authorized by the Court "must also comport with constitutional notions of due process." *Rio Properties,* 284 F.3d at 1016. In *Rio Properties,* the Ninth Circuit also stated that as long as service under Rule 4(f)(3) is " court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id.* at 1014.

**\*2** Although, the Ninth Circuit also has stated a plaintiff must obtain court approval *before* attempting to effect service Rule 4(f)(3) before service will be considered effective, a plaintiff is not first required to attempt service under Rule 4(f)(1) or Rule 4(f)(2). *See Brockmeyer v. May,* 383 F.3d 798, 806 (9th Cir.2004) (finding plaintiff did not effect service properly where they failed to obtain court approval prior to serving via mail); *Rio Properties,* 284 F.3d at 1016.

In this case, the Court concludes that the circumstances warrant alternative service. WSI has presented evidence that physical addresses for a number of the named defendants cannot be located or that defendants have refused to accept service. WSI also has established that the email accounts they have for defendants have been effective means of communicating with the defendants, which would serve the purposes of ensuring the defendants receive adequate notice of this action and an opportunity to be heard. *See Rio Properties,* 284 F.3d at 1016-17 (finding that service via electronic mail was "method most likely to reach" defendant and concluding district court did not abuse discretion in authorizing service via email).

According to the information WSI has gathered, the named defendants are located in the Ukraine, the Czech Republic, Israel, Switzerland, the Philippines, Norway, Canada, India and England. [FN1] With the exception of India and the Philippines, these countries are signatories to the Hague Convention. (*See* Cahn Decl. ¶ 12, Ex. A.) The Court concludes that WSI has demonstrated that service via email is not prohibited by an

international agreement. In *Rio Properties,* the Ninth Circuit stated that "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f) (3) may be accomplished in contravention of the laws of the foreign country." *Rio Properties,* 284 F.3d at 1014. Plaintiff's supplemental briefing did not uncover any express prohibitions against email service. Accordingly, WSI's motion is GRANTED to the extent it seeks to effectuate service via email.

> FN1. WSI attests that with respect to defendant Privacy Protect, Inc ., which has a physical address located at 14781 Memorial Drive, Houston, Texas, that defendant claims to be a Belize company operating out of India. (*Id.* ¶ 7.) It is not clear to the Court whether WSI is asking for Court relief at this time as to this defendant, and to that extent the Court DENIES WITHOUT PREJUDICE WSI's motion. If additional information is gathered, WSI may renew the motion, so that the Court may determine if electronic service or service by another method would be reasonably calculated to apprise this defendant of the pendency of this action.

However, with respect to WSI's request to permit service by international mail, the Czech Republic, Norway, Switzerland and the Ukraine do object to service via postal channels. As such, to the extent WSI seeks authorization to effect service on defendants located in those countries by mail, WSI's motion is DENIED.

Accordingly, WSI's motion is GRANTED IN PART, DENIED IN PART, AND DENIED WITHOUT PREJUDICE IN PART.

IT IS HEREBY ORDERED THAT WSI IS GRANTED LEAVE TO serve the amended complaint and summons on the following defendants in the manner specified herein:
1. Defendants Unimaster Ltd. and Andrej Korchev at sysgen@porn-host.org;
2. Defendants YetisCash, Ales Lexico, and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2007 WL 1140639 (N.D.Cal.)
**(Cite as: Slip Copy)**

Vladimir Techl at lexico @yetisagency.com and ladis.oz@centrum.cz;
3. Defendant David Greenwald at David.Greenwald@fatbares.com;
**\*3** 4. Defendant Sweethelda Ballesteros via international registered mail to "Socsargen County Hospital, Bula-lagao Rd., Larrdaza St., General Santos, General Santos, 9500, Philippines;
5. Defendant Stein Tvedt at pornserve@hotmail.com;
6. Defendant Eddie Morgan at eddiemorgan@hotmail.com and via international registered mail to Post Office Box 956, Goosebay AOP 1CO, Canada; and
7. Defendant On Line Marketing Service at webmaster @onlinemarketingservices.biz and via international registered mail to 196 High Road, Wood Green, London N22 8HH, United Kingdom; and
8. Defendant Umesh Chandra Rastogi at jekkippost@yahoo.com.

The Court will also grant WSI leave to serve Defendant Andre Schneider via email, but it must provide the Court with a proposed Order setting forth Defendant's email address by no later than April 27, 2007.

It is FURTHER ORDERED that the Court is not ratifying actions already taken by WSI. WSI must re-serve the amended complaint and summons on the defendants identified above.

**IT IS SO ORDERED.**

N.D.Cal.,2007.
Williams-Sonoma Inc. v. Friendfinder Inc.
Slip Copy, 2007 WL 1140639 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                         Page 1

Not Reported in F.Supp.2d, 2006 WL 288369 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Tishman v. The Associated Press
S.D.N.Y.,2006.
Only the Westlaw citation is currently available.
    United States District Court,S.D. New York.
  Jeffrey TISHMAN and Arnold Wilkinson, Plaintiffs,
                        v.
   THE ASSOCIATED PRESS; Thomas Curley, CEO
    (in his individual and official capacities); Lou
    Boccardi, former CEO (in his individual and
   official capacities); William Ahearn, VP (in his
   individual and official capacities); Donald Pine,
  Director (in his individual and official capacities);
    Michael Bass, Manager (in his individual and
   official capacities); and John Doe, Defendants.
              **No. 05 Civ. 4278(GEL).**

                    Feb. 6, 2006.

Sherilyn R. Dandridge, The Dandridge Law Firm,
New York, New York, for plaintiffs.
Stephen J. Macri, Joseph B. Cartafalsa, Putney,
Twombly, Hall & Hirson LLP, New York, New
York, for defendants.

              OPINION AND ORDER
LYNCH, J.
**\*1** Plaintiffs Jeffrey Tishman and Arnold
Wilkinson, former employees of the Associated
Press ("AP"), bring this action against AP and
several of its present and former officers, including
Donald W. Pine ("Pine" or "defendant"), alleging
age discrimination in violation of federal and state
law. Plaintiffs move for permission to serve
defendant by substituted service pursuant to
Fed.R.Civ.P. 4(e) and N.Y. C.P.L.R. § 308. The
motion will be granted.

The federal rules authorize service "pursuant to the
law of the state in which the district court is located.
" Fed.R.Civ.P. 4(e). In New York State, subsections
(1), (2), and (4) of N.Y. C.P.L.R. § 308 provide for
service by "personal delivery, delivery and mailing,

and nailing and mailing, respectively." *Parisi v.
Fretta,* 542 N.Y.S.2d 713, 714 (2d Dep't 1989).
Where service pursuant to these subsections is "
impracticable," however, service may be effected "
in such manner as the court, upon motion without
notice, directs." N.Y. C.P.L.R. § 308(5); *see State
Street Bank and Trust Co. v. Coakley,* 790
N.Y.S.2d 412, 413 (2d Dep't 2005). Though the
impracticability standard "is not capable of easy
definition, it does not require the applicant to satisfy
the more stringent standard of 'due diligence'
under [N.Y.] C.P.L.R. § 308(4), or to make a
showing that actual prior attempts to serve a party
under each and every method provided in the statute
have been undertaken." *Id.* (citations and internal
quotation marks omitted); *see also Astrologo v.
Serra,* 659 N.Y.S.2d 481, 481-82 (2d Dep't 1997).

Plaintiffs argue that they may have effected service
pursuant to N.Y. C.P.L.R. § 308(4) by "nail and
mail" service when, after making a diligent but
unsuccessful effort to serve Pine pursuant to §
308(1) and (2), they affixed a summons to the door
of Pine's New York residence and mailed a
summons to Pine's last known residential address.
*See* N.Y. C.P.L.R. § 308(4) ("[W]here service
under paragraphs one and two cannot be made with
due diligence, [plaintiff may effect service] by
affixing the summons to the door of either the actual
place of business, dwelling place or usual place of
abode within the state of the person to be served
and by ... mailing the summons to such person at his
or her last known residence...."). However, in light
of their uncertainty about whether the place where
they posted the summons and complaint is still
Pine's residence, in view of representations that he
has moved out of the United States, they seek leave
to serve Pine by alternative means; specifically,
they propose serving defendant at his Nantucket
Island real property address by email to the internet
address provided in real estate advertisements
listing that property for sale. Given (1) that
plaintiffs have attempted "nail and mail" service but
are unable to confirm whether defendant was in fact

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2006 WL 288369 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

successfully served, and (2) that defendant, despite being in communication with both the court and plaintiffs through his attorneys, refuses to disclose his current residence or place of business, other than to represent through his attorneys that he is living outside of the country for "career reasons," the Court concludes that service under N.Y. C.P.L.R. § 308(4) is impracticable, and that it is appropriate to allow substituted service under N.Y. C.P.L.R. § 308(5) in the manner requested by plaintiffs. *See Barclays Bank PLC v. Skulsky Trust,* 731 N.Y.S.2d 443, 444 (1st Dep't 2001) (upholding an order allowing substituted service under § 308(5) by delivery to an internet address); *see also Solomon v. Horie Karate Dojo,* 724 N.Y.S.2d 648, 648-49 (2d Dep't 2001) (upholding an order allowing substituted service under § 308(5) where defendant had left the United States without leaving a forwarding address); *Astrologo,* 659 N.Y.S.2d at 482 (upholding an order allowing substituted service under § 308(5) where defendant was residing at an unspecified location in Italy).

**\*2** Plaintiffs quite reasonably note that defendant is likely to receive actual notice by service through the advertised email, since a person would be expected to check for indications of interest in a proposed sale of real estate listed for sale at nearly $2 million. In any case, it is clear that Pine has received actual notice of the lawsuit already, since the law firm that represents the other individual defendants has already written the Court on his behalf, opposing plaintiffs' request and providing information about Pine's asserted residence outside the United States and the reasons therefor.

Pine's attorneys do not contend that the proposed method of service would be inadequate to reach him, or would be unlawful under New York or federal law. Nor do they contend that the Court lacks either subject matter jurisdiction over plaintiffs' claims or personal jurisdiction over him (provided that service can be effected).[FN1] Rather, they argue only that (1) Pine has left the United States for legitimate career reasons, and not to avoid service of process; (2) Rule 4 does not permit substituted service under the circumstances here; and (3) since plaintiffs have asserted claims against other defendants, they would not be left without a remedy if Pine escaped service.

> FN1. Though the federal claims against Pine have been dismissed, the Court retains subject matter jurisdiction over the state law claims against him, because they " arise[ ] out of the same set of facts that give rise to an anchoring federal question claim against another party," namely, the Associated Press. *Kirschner v. Klemons,* 225 F.3d 227, 239 (2d Cir.2000); *see* 28 U.S.C. § 1367(a); *see also Palumbo v. Manhattan & Bronx Surface Transit Operating Authority,* 346 F.Supp.2d 493, 494 (S.D.N.Y.2004) ("[A] federal court may entertain state law claims against a defendant if the plaintiff properly brings a federal claim against another defendant when both claims arise from the same set of facts-commonly referred to as pendent party jurisdiction.").

These arguments are unavailing. (1) Pine provides little information about why he is out of the country, whether or when he intends to return, and whether he still maintains residences in the United States. So far as the record discloses, he is an American citizen who maintains residences in New York and Nantucket, who (accepting counsel's representations) is currently absent from the United States for "legitimate career reasons." This unsworn assertion, which does not clearly indicate that it is made on personal knowledge, does not even state that Pine has actually accepted long-term employment abroad, let alone that he has moved his domicile to a foreign country. Under the circumstances, there is no reason to assume that merely because he is not currently in the United States, he cannot be reached by service of process in the manner proposed by plaintiffs, or that the Court should indulge his desire not to participate in this lawsuit, which concerns his actions in New York while, according to plaintiffs, he worked and resided here. (2) Pine's assertion that Fed.R.Civ.P. 4 does not permit substituted service, which is entirely conclusory and unsupported by either reasoning or case law, is without merit. Regardless of why he is outside the United States, he has

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2006 WL 288369 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

simply made himself unavailable for service by the ordinary methods, making service pursuant to § 308(5) entirely appropriate for the reasons stated above. (3) Whether or not plaintiffs have a remedy against other defendants (or against Pine, for that matter) remains to be seen. They have chosen to assert claims against Pine, claiming to have been wronged by him. They are entitled to pursue those claims regardless of the potential merits of their overlapping claims against others.

**\*3** Accordingly, the motion for substituted service will be granted. Plaintiffs may serve Pine by email to Pine's internet address as publicly listed in connection with the sale of Pine's Nantucket Island property. Plaintiffs shall file a certificate of service with the clerk of the court by March 1, 2006.

SO ORDERED.

S.D.N.Y.,2006.
Tishman v. The Associated Press
Not Reported in F.Supp.2d, 2006 WL 288369 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QSOFT CONSULTING, LIMITED )
)
      Plaintiff, )
)
      v. )      C.A. No. 07-cv-391 (JJF)
)
TEDDY TONG and TDTONG LTD. )
)
      Defendants. )

## ORDER GRANTING QSOFT CONSULTING LIMITED'S EXPEDITED
## MOTION FOR LEAVE TO EFFECTUATE SERVICE VIA ELECTRONIC MAIL

This matter having come before the Court on plaintiff QSoft Consulting Limited's Expedited Motion For Leave To Effectuate Service Via Electronic Mail, and, after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that Plaintiff is granted leave to serve the Summons, Verified Complaint, Motion for Preliminary Injunction, Motion to Seal and Scheduling Order on Defendants Teddy Tong and tdtong ltd via electronic mail upon Defendants' known internet and e-mail addresses and domain sites.

Dated: June ___, 2007

                              _____
                              Honorable Joseph J. Farnan, Jr.
                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QSOFT CONSULTING, LIMITED            )
                                     )
            Plaintiff,               )
                                     )
      v.                             )          C.A. No. 07-cv-391 (JJF)
                                     )
TEDDY TONG and TDTONG LTD.           )
                                     )
            Defendants.              )

## CERTIFICATE OF SERVICE

I, Sandra G.M. Selzer, being duly sworn according to law, deposes and says that she is

employed by Greenberg Traurig, LLP, which is counsel for the Plaintiff, QSoft Consulting,

Limited, for the above-captioned action, and that on the 26th day of June 2007, she caused copies

of the *EXPEDITED MOTION FOR LEAVE TO EFFECTUATE SERVICE VIA ELECTRONIC*

*MAIL* to be served upon the parties listed below via Registered First Class Mail.

| | |
|---|---|
| Teddy Tong<br>45 10th Ave # 19<br>Princeton, New Jersey  08540 | Teddy Tong<br>Lengting Ave. 14-51<br>San Francisco, California  94104 |
| tdtong, ltd.<br>45 10th Ave # 19<br>Princeton, New Jersey  08540 | tdtong, ltd.<br>Lengting Ave. 14-51<br>San Francisco, California  94104 |

Dated: June 26, 2007

Sandra G.M. Selzer (No. 4283)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
302-661-7000 - Telephone
302-661-7360 - Facsimile