IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QSOFT CONSULTING, LIMITED ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-cv-391 (JJF) |
| ) | |
| TEDDY TONG and TDTONG LTD. ) | |
| ) | |
| Defendants. ) | |

## QSOFT CONSULTING LIMITED'S
## MOTION FOR A BRIEF CONTINUANCE

Plaintiff QSoft Consulting Limited ("QSoft"), by and through its undersigned attorneys and pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, hereby moves for a brief continuance of the hearing on the Motion for Preliminary Injunction previously scheduled for July 11, 2007, at 1:00 p.m., so as to ensure that Teddy Tong and tdtong ltd. (collectively "Defendants") have adequate notice. In support of its Motion, QSoft states as follows:

### Background

1. On June 19, 2007, QSoft filed its Verified Complaint against Defendants seeking relief under the Controlling the Assault of Non-Solicited Pornography and Marketing Act, 15 U.S.C. § 7701 et. seq (the "CAN-SPAM Act"), the Computer Fraud and Abuse Act, 18 U.S.C.§ 1020 et. seq, the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125 ("ACPA"), Section 43(c) of the Lanham Act, 15 U.S.C. § 1125, and Delaware's Deceptive Trade Practice Act, 6 Del. C. § 2531 et. seq. The Verified Complaint also asserts common law trespass to chattel, breach of contract, and trademark infringement and unfair competition claims against Defendants (D.I. 1).

2.      Contemporaneously therewith, QSoft filed a Motion for Preliminary Injunction (D.I. 3) and a Motion for Leave to File Certain Exhibits in Support of Its Verified Complaint and Its Motion for Preliminary Injunction Under Seal (the "Motion to Seal") (D.I. 6). By its Motion for Preliminary Injunction, QSoft seeks to enjoin Defendants from spamming QSoft members with unsolicited commercial messages and to enjoin Defendants' infringing use of QSoft's protected marks through acts of cybersquatting by transferring the infringing domain names to QSoft.

3.      On June 22, 2007, the Court entered an Order (D.I. 9) setting a hearing on QSoft's Motion for Preliminary Injunction for July 11, 2007, at 1:00 p.m (the "Preliminary Injunction Hearing"). The Court also ordered that Defendants file their response brief to QSoft's Motion for Preliminary Injunction by July 3, 2007 and that QSoft file its reply brief by July 9, 2007 (D.I. 9).

4.      Shortly after filing the present lawsuit, QSoft attempted to serve a Summons and its Verified Complaint on Defendants. Those attempts were unsuccessful as Defendants' claimed addresses do not exist (D.I. 16, Exh. C).

5.      Accordingly, on June 26, 2007, QSoft filed an Expedited Motion For Leave To Effectuate Service Via Electronic Mail (D.I. 16) requesting that the Court allow QSoft to effectuate service on Defendants via the e-mail addresses associated with their registration of certain domain names with Estdomains, Inc. and GoDaddy.com. The Court entered an Order (D.I. 17) granting QSoft leave to serve the Summons, Verified Complaint, Motion for Preliminary Injunction, Motion to Seal and Scheduling Order (collectively, "Pleadings") on Defendants Teddy Tong and tdtong ltd "via electronic mail upon Defendants' known Internet and e-mail addresses and domain sites."

6. On July 3, 2007, QSoft e-mailed the Pleadings to the following addresses: avraam02@yahoo.com, canvasfaintdiseased@yahoo.com, maneflauntaloud25@yahoo.com, and undoblewsolebeside@yahoo.com, using the third-party e-mail tracking software, RPost.com. *See* Declaration of Jason B. Elster, a true and correct copy of which is attached hereto as **Exhibit A**. Although not necessary to effect service, QSoft requested delivery confirmations from RPost.com. QSoft received confirmation from RPost.com that the Summons, Motion for Preliminary Injunction (without exhibits), Memorandum in Support of the Motion for Preliminary Injunction, Motion to Seal, and the Scheduling Order were delivered to the above-referenced e-mail addresses on July 3, 2007, however, due to technological reasons outside of its control, QSoft did not receive confirmation that the exhibits to the Motion for Preliminary Injunction, the exhibits to the Verified Complaint or the Verified Complaint were delivered to Defendants' e-mail addresses.

7. On July 5, 2007, QSoft resent the Pleadings via e-mail to avraam02@yahoo.com, canvasfaintdiseased@yahoo.com, maneflauntaloud25@yahoo.com, and undoblewsolebeside@yahoo.com using RPost.com. On that date, QSoft received confirmation from RPost.com that exhibits F, G, H & I to the Verified Complaint were delivered to Defendants' email addresses. *See* **Exhibit A**.

8. Additionally, on July 5, 2007, QSoft once again e-mailed the Pleadings to avraam02@yahoo.com, canvasfaintdiseased@yahoo.com, maneflauntaloud25@yahoo.com, and undoblewsolebeside@yahoo.com, this time without requesting a delivery confirmation through RPost.com. *See* **Exhibit A**.

9. On July 6, 2007, QSoft e-mailed the Pleadings to wrotepiqueweight@yahoo.com, another e-mail address associated with Defendants' registered domain names, without requesting delivery confirmation through RPost.com. *See* **Exhibit A**.

10. The briefing deadlines provided by the Court's June 22, 2007 Order have since expired (D.I. 9) and defendants have yet to file any responsive pleading with the Court or otherwise make any contact with QSoft's counsel.

### Relief Requested

11. On Friday, July 6, 2007, counsel for QSoft alerted the Court to the service difficulties and its potential impact on the upcoming Preliminary Injunction Hearing, scheduled for Wednesday, July 11. Out of an abundance of caution, QSoft's counsel files this motion for continuance so as to ensure that Defendants have adequate time to respond, if Defendants so choose. Accordingly, QSoft hereby requests a very brief continuance of the Preliminary Injunction Hearing until July 19, 2007, or as soon thereafter as counsel may be heard.

### Basis for Relief

12. Pursuant to Rule 6(b), the Court has the authority to grant a brief continuance of the Preliminary Injunction Hearing. *See* FED. R. CIV. P. 6(b). The Federal Rules of Civil Procedure do not provide how many days notice constitutes adequate time for a defendant to respond to a motion for a preliminary injunction. The Rules only require that notice be given to the adverse party. *See* FED. R. CIV. P. 65(a)(1).

13. QSoft has made every reasonable attempt to effectuate service of the Pleadings, including the Motion for Preliminary Injunction, on Defendants. QSoft served

the Pleadings on Defendants at the addresses which they submitted to Estdomains, Inc. and GoDaddy.com when they registered certain domain names, but those addresses do not exist. (D.I. 16, Exh. C). In addition, QSoft has effectuated service on the Defendants by e-mailing the Pleadings to each of Defendants' known e-mail addresses. However, due to technological reasons outside of QSoft's control, QSoft has only received digital confirmation for the delivery of some of the Pleadings to Defendants' known e-mail addresses.

14. On July 3, 2007, Defendants were served with the Motion for Preliminary Injunction and the Memorandum of Law in Support thereof and therefore have received notice of QSoft's Motion for Preliminary Injunction, however because service was not effectuated until July 3, 2007, QSoft is requesting a brief continuance of the Preliminary Injunction Hearing in order to provide Defendants adequate time (at least 10 days from the date service was effectuated) to respond to QSoft's Motion for Preliminary Injunction. *See Goldstein v. Gordon*, No. 3:00-cv-0022-P, 2002 U.S. Dist. LEXIS 3348 at *7 n.3 (holding that seeking entry of a default judgment eight days after expiration of the answer deadline "could be interpreted as constituting bad faith.").

WHEREFORE, for the reasons stated above, QSoft Consulting Limited respectfully requests that the Court continue the hearing on QSoft's Motion for Preliminary Injunction until at least July 19, 2007.

Dated: July 9, 2007

**GREENBERG TRAURIG, LLP**

Donald J. Detweiler (I.D. #3087)
Sandra G. M. Selzer (I.D. #4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
302-661-7000
*detweilerd@gtlaw.com*
*selzers@gtlaw.com*

-and-

Paul D. McGrady, Jr.
Anthony L. Abboud
Paul A. Del Aguila
Jason B. Elster
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
312-456-8400

Attorneys for QSoft Consulting Limited

# EXHIBIT A

Case 1:07-cv-00391-JJF    Document 20-2    Filed 07/09/2007    Page 1 of 5

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QSOFT CONSULTING, LIMITED | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-cv-391 (JJF) |
| | ) | |
| TEDDY TONG and TDTONG LTD. | ) | |
| | ) | |
| Defendants. | ) | |

### DECLARATION OF JASON B. ELSTER

I, Jason B. Elster, being duly sworn on oath, states as follows:

1. I have personal knowledge of the facts stated herein, and I would be competent to testify if called as a witness in these proceedings.

2. I am an attorney duly licensed in the state of Illinois, and I have been actively engaged in practice since 2006.

3. I am currently an associate in the law firm of Greenberg Traurig, LLP. As such, I have responsibilities regarding the above-captioned case on behalf of QSoft Consulting Limited ("QSoft").

4. Pursuant to the Court's June 26, 2007 Order granting leave for QSoft to effectuate service on Teddy Tong and tdtong ltd (collectively, "Defendants") via e-mail, I took the following steps to effectuate service on Defendants.

5. On July 3, 2007, I e-mailed all of the pleadings to Defendants' known e-mail addresses avraam02@yahoo.com, canvasfaintdiseased@yahoo.com, maneflauntaloud25@yahoo.com, and undoblewsolebeside@yahoo.com using the third-party e-mail tracking software, RPost.com. Due to the file size of the exhibits to the Verified Complaint and the Memorandum of Law in Support of QSoft Consulting

Limited's Motion for Preliminary Injunction, I separated the pleadings into six (6) separate e-mails, all of which were identically addressed to the above-referenced e-mail addresses.

6. The attached pleadings were distributed among the six e-mails as follows. The first e-mail contained the Cover Letter to the Court, Civil Cover Sheet, Motion for Leave to File Under Seal, all four of Defendants' Summons, and the Court's Scheduling Order. The second e-mail contained the Verified Complaint and Exhibits A-C, E-I. The third e-mail contained Exhibit D to the Verified Complaint. The fourth e-mail contained the Motion for Preliminary Injunction and Memorandum of Law. The fifth e-mail contained Exhibit 1 to the Memorandum of Law. The sixth e-mail contained Exhibits 2-9 to the Memorandum of Law.

7. As a result of the July 3, 2007 e-mails, I received a Receipt Authentication[1] from RPost.com that the materials attached to the first (Cover Letter to the Court, Civil Cover Sheet, Motion for Leave to File Under Seal, all four of Defendants' Summons, and the Court's Scheduling Order) and fourth (Motion for Preliminary Injunction, and Memorandum of Law) e-mails were successfully delivered to the Defendants' above-referenced email addresses on July 3, 2007.

8. On July 5, 2007, I resent e-mails two (Verified Complaint and Exhibits A-C, E-I to the Verified Complaint), three (Exhibit D to the Verified Complaint), five (Exhibit 1 to the Memorandum of Law), and six (Exhibits 2-9 to the Memorandum of Law) to the Defendants' known e-mail addresses avraam02@yahoo.com,

---

[1] RPost.com generates an e-mail receipt when the designated e-mail is delivered to the recipient's e-mail server. Once the sender receives the delivery receipt, the sender has the option to authenticate the receipt through RPost.com. This process generates a Receipt Authentication, which contains the original e-mail, the dates and times it was sent/received, as well as the tracking information for how the e-mail was routed to the recipient's e-mail account.

canvasfaintdiseased@yahoo.com, maneflauntaloud25@yahoo.com, and undoblewsolebeside@yahoo.com using the third-party e-mail tracking software, RPost.com.

9. I have not yet received digital confirmation that the e-mails sent via RPost.com on July 5, 2007 were delivered to Defendants' known email addresses.

10. Also on July 5, 2007, I sent e-mails one through six to avraam02@yahoo.com, canvasfaintdiseased@yahoo.com, maneflauntaloud25@yahoo.com, and undoblewsolebeside@yahoo.com without requesting a delivery confirmation through RPost.com.

11. On July 6, 2007, I again e-mailed Defendants at avraam02@yahoo.com, canvasfaintdiseased@yahoo.com, maneflauntaloud25@yahoo.com, and undoblewsolebeside@yahoo.com. In the first e-mail, I sent the Verified Complaint, the Motion for Preliminary Injunction, Memorandum of Law, and Exhibits A-C. The second e-mail contained Exhibit D. The third e-mail contained Exhibits E-I. The fourth e-mail contained Exhibit 1. The fifth e-mail contained Exhibits 2-5. Lastly, the sixth e-mail contained Exhibits 6-9.

12. As a result of these July 6, 2007 e-mails, I received a Receipt Authentication from RPost.com that the materials attached to the third e-mail (Exhibits E-I) were successfully delivered to the Defendants' above-referenced email addresses on July 6, 2007.

13. Also on July 6, 2007, I sent e-mails one through six to wrotepiqueweight@yahoo.com, another e-mail address associated with Defendants' registered domain names, without requesting delivery confirmation through RPost.com.

Dated: July 9, 2007

Further Affiant Sayeth Naught,

_____
Jason B. Elster

SUBSCRIBED AND SWORN to before me this
___ day of _July_____, 2007.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Janell M. Kelley
Notary Public, State of Illinois
My Commission Exp. 10/28/2009

- 4 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| QSOFT CONSULTING, LIMITED | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) C.A. No. 07-cv-391 (JJF) |
| TEDDY TONG and TDTONG LTD. | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I, Sandra G.M. Selzer, being duly sworn according to law, deposes and says that she is employed by Greenberg Traurig, LLP, which is counsel for the Plaintiff, QSoft Consulting, Limited, for the above-captioned action, and that on the 9th day of July 2007, she caused copies of the *Motion for a Brief Continuance* to be served upon the parties listed below via Registered First Class Mail.

| Teddy Tong<br>45 10th Ave # 19<br>Princeton, New Jersey  08540 | Teddy Tong<br>Lengting Ave. 14-51<br>San Francisco, California  94104 |
|---|---|
| tdtong, ltd.<br>45 10th Ave # 19<br>Princeton, New Jersey  08540 | tdtong, ltd.<br>Lengting Ave. 14-51<br>San Francisco, California  94104 |

Dated: July 9, 2007

Sandra G.M. Selzer (No. 4283)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
302-661-7000 - Telephone
302-661-7360 - Facsimile