OAO 88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF Delaware

QSOFT CONSULTING, LIMITED

V.

TEDDY TONG and TD TONG LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-cv-391 (JJF)
Pending in the United States District Court for the District of Delaware

TO: Estdomains, Inc.
c/o Valis Group Inc., Registered Agent
501 Silverside Road, Suite 105
Wilmington, Delaware 19809

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Subpoena Rider Exhibt A

| PLACE  Greenberg Traurig, LLP, c/o Sandra G. M. Selzer, Esquire 1007 North Orange Streee, Suite 1200, Wilmington, Delaware 19801 | DATE AND TIME August 10, 2007, 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* (BAR NO 4283) attorney for plaintiff. | DATE July 20, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra G. M. Selzer, Esquire,
The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801, (302) 661-7000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/23/07 | C/O VALIS GROUP, INC<br>501 SILVERSIDE RD. WILM. DE |

| SERVED ON (Print Name) | MANNER OF SERVICE |
|---|---|
| ESTDOMAINES, INC | ACCEPTED BY<br>MARY DUVALL |

| SERVED BY (Print Name) | TITLE |
|---|---|
| JAVIER SANCHEZ | **Private Process Server** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the law of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

Executed on:   7/23/07

_____
SIGNATURE OF SERVER
BRANDYWINE PROCESS SERVERS, LTD.
P. 0. BOX 1360
WILMINGTON, DE 19899-1360
(302) 475 - 2600

---

Superior Court Civil Rule 45, Parts C, D & E*

*(c) Protection of Persons subject to Subpoenas*

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena. The Curt shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance,
   (ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iii) subjects a person to undue burden.

(B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) *Duties in Responding to Subpoena.*

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

*(e) Contempt.*

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed contempt of court.

## EXHIBIT A

## SUBPOENA RIDER

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to permit inspection and copying of the following designated books, documents, or tangible things in your possession, custody, or control, at the place and time designated in the Subpoena accompanying this Subpoena Rider.

## DEFINITIONS

1.  The term "communication" is used in its broadest sense, and means any transmission of information from one person or entity to another, by any means.

2.  The term "document" is intended in the broadest sense allowable under the Federal Rules of Civil Procedure, and includes, but is not limited to, any tangible thing and any printed, written, recorded, taped, electronic, graphic, computerized printout, or other matter from any source, however produced or reproduced, whether printed or recorded or reproduced by any other mechanical, photographic, xerographic or electronic process, or written or produced by hand, including but not limited to, any information contained in any computer, computer memory or memory media, including, but not limited to, any personal computer, laptop computer, Palm Pilot, Blackberry, or similar device, and any information recorded on volatile or nonvolatile media, hard disks, and floppy disks by magnetic or electronic impulse, although not yet printed, and all drafts, revisions, foreign language versions or translations to English of any of the foregoing, and all non-identical copies of any item listed above. The term "document" specifically includes any and all materials sent or stored on any e-mail or other electronic communication system.

3.  The term "person" means any natural person or any legal entity, including a

proprietorship, partnership, trust, firm, corporation, association, governmental agency, or other organization or association.

4. The terms "reflecting," "regarding," "referring to," and "relating to" mean constituting, consisting of, associated with, or in any way connected with the matter discussed, in whole or in part.

5. The term "affiliate" means a parent, a subsidiary, or any other entity sharing common ownership or control with the entity in question.

6. The term "contact information" means telephone numbers, facsimile numbers, physical addresses, electronic mail addresses, post office box numbers, mailing addresses, or forwarding addresses of any kind.

7. The terms "Estdomains," "you," "your," and "yours" refer to Estdomains, Inc. and its present or former owners, directors, officers, partners, employees, agents, consultants, experts, representatives, and attorneys, as well as all other natural persons in the employ of or otherwise acting or purporting to act on its behalf.

8. The term "TDTong" refers to TDTong ltd. and its present or former owners, directors, officers, partners, employees, agents, consultants, experts, representatives, and attorneys, as well as all other natural persons in the employ of or otherwise acting or purporting to act on its behalf.

9. The term "Tong" refers to Teddy Tong and his employees, agents, consultants, experts, representatives, and attorneys, as well as all other natural persons in his employ or otherwise acting or purporting to act on his behalf.

## CLAIMS OF PRIVILEGE

1. If any document called for herein is withheld from production for any reason, including, but not limited to, on a claim of privilege or other asserted protection against discovery by any statute, rule, doctrine, decision or other ground, please provide a privilege log setting forth the following information for each document withheld:

    (a) A description of the document, including the type of document, date, author, and recipient;

    (b) The basis for withholding the document;

    (c) A brief description by subject matter of the privileged matter; and

    (d) The request(s) as to which the document is responsive.

## DOCUMENTS REQUESTED

1. A list of all domain names for which you serve or served as a registrar that are associated with Tong or TDTong.

2. A list of all your user accounts associated with Tong or TDTong.

3. All non-privileged documents and communications (including without limitation, all electronic mail, facsimile transmissions, and other correspondence) reflecting, referring, or otherwise relating to any contact information for Tong or TDTong.

4. All non-privileged documents and communications (including without limitation, all electronic mail, facsimile transmissions, and other correspondence) reflecting, referring, or otherwise relating to any user identification information associated with the domain names <myqadar.com>, <gaydarboys.net>, <gaydarcams.net>, <gaydarguyz.com>, or <gayhost.com> including, but not limited to, the name(s) and contact information associated with these domain names.

5. All non-privileged documents and communications (including without limitation,

all electronic mail, facsimile transmissions, and other correspondence) reflecting, referring, or otherwise relating to the means of payment Tong or TDTong used to compensate you for acting as the registrar for <myqadar.com>, <gaydarboys.net>, <gaydarcams.net>, <gaydarguyz.com>, or <gayhost.com>, including but not limited to any credit card(s), bank wire(s) or PayPal account(s).

6. All non-privileged documents and communications (including without limitation, all electronic mail, facsimile transmissions, and other correspondence) reflecting, referring, or otherwise relating to the means of payment used to compensate you for acting as the registrar for <myqadar.com>, <gaydarboys.net>, <gaydarcams.net>, <gaydarguyz.com>, or <gayhost.com>, including but not limited to any credit card(s), bank wire(s) or PayPal account(s).

7. All non-privileged documents and communications (including without limitation, all electronic mail, facsimile transmissions, and other correspondence) reflecting, referring, or otherwise relating to all IP addresses used to log-in to your system to access any of Tong or TDTong's accounts or domain names and the dates on which the log-ins occurred.

8. All non-privileged documents and communications (including without limitation, all electronic mail, facsimile transmissions, and other correspondence) reflecting, referring, or otherwise relating to any change or update to the account information, contact information, WHOIS records, DNS records, or billing information associated with Tong, TDTong, <myqadar.com>, <gaydarboys.net>, <gaydarcams.net>, <gaydarguyz.com>, or <gayhost.com>.

*DEL 86188231v1 7/20/2007*

# Greenberg Traurig

Sandra G. M. Selzer
Tel. 302.661.7000
Fax 302.661.7171
selzers@gtlaw.com

July 20, 2007

Estdomains, Inc.
c/o Valis Group Inc., Registered Agent
501 Silverside Road, Suite 105
Wilmington, DE 19809

Re: **QSoft Consulting, Limited v. Teddy Tong and TDTong LTD.**
    **Case No. 07-cv-391(JJF)**

To Whom It May Concern:

  On June 19, 2007, QSoft filed its Verified Complaint against defendants Teddy Tong and TDTong LTD. (the "Defendants") seeking relief under the Controlling the Assault of Non-Solicited Pornography and Marketing Act, 15 U.S.C. § 7701 *et. seq* (the "CAN-SPAM Act"), the Computer Fraud and Abuse Act, 18 U.S.C.§ 1020 *et. seq*, the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125 ("ACPA"), Section 43(c) of the Lanham Act, 15 U.S.C. § 1125, and Delaware's Deceptive Trade Practice Act, 6 Del. C. § 2531 *et. seq*. The Verified Complaint also asserts common law trespass to chattel, breach of contract, and trademark infringement and unfair competition claims against Defendants.

  Contemporaneously therewith, QSoft filed a Motion for Preliminary Injunction. By its Motion for Preliminary Injunction, QSoft seeks to enjoin Defendants from spamming QSoft members with unsolicited commercial messages and to enjoin Defendants' infringing use of QSoft's protected marks through acts of cybersquatting by transferring the infringing domain names to QSoft.

  Enclosed please find a Rule 45 subpoena request for production of documents in the above described litigation. The Rule 45 subpoena request has also been served directly on Estdomains, Inc. Please do not hesitate to contact me if you have any questions.

Respectfully,

*[signature]*

Sandra G. M. Selzer

SGMS/ps
Enclosure

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo Office/Strategic Alliance

Greenberg Traurig, LLP | Attorneys at Law | The Nemours Building | 1007 North Orange Street | Suite 1200 | Wilmington, DE 19801
DEL 86188261v1            Tel 302.661.7000 | Fax 302.661.7360

www.gtlaw.com