## EXHIBIT 1

## SUBPOENA RIDER

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to permit inspection and copying of the following designated books, documents, or tangible things in your possession, custody, or control, at the place and time designated in the Subpoena accompanying this Subpoena Rider.

## DEFINITIONS

1. The term "communication" is used in its broadest sense, and means any transmission of information from one person or entity to another, by any means.

2. The term "document" is intended in the broadest sense allowable under the Federal Rules of Civil Procedure, and includes, but is not limited to, any tangible thing and any printed, written, recorded, taped, electronic, graphic, computerized printout, or other matter from any source, however produced or reproduced, whether printed or recorded or reproduced by any other mechanical, photographic, xerographic or electronic process, or written or produced by hand, including but not limited to, any information contained in any computer, computer memory or memory media, including, but not limited to, any personal computer, laptop computer, Palm Pilot, Blackberry, or similar device, and any information recorded on volatile or nonvolatile media, hard disks, and floppy disks by magnetic or electronic impulse, although not yet printed, and all drafts, revisions, foreign language versions or translations to English of any of the foregoing, and all non-identical copies of any item listed above. The term "document" specifically includes any and all materials sent or stored on any e-mail or other electronic communication system.

3. The term "person" means any natural person or any legal entity, including a

proprietorship, partnership, trust, firm, corporation, association, governmental agency, or other organization or association.

4. The terms "reflecting," "regarding," "referring to," and "relating to" mean constituting, consisting of, associated with, or in any way connected with the matter discussed, in whole or in part.

5. The term "contact information" means telephone numbers, facsimile numbers, physical addresses, electronic mail addresses, post office box numbers, mailing addresses, or forwarding addresses of any kind.

6. The terms "Exmasters," "you," "your," and "yours" refer to Exmasters.com, Inc. and its present or former owners, directors, officers, partners, employees, agents, consultants, experts, representatives, and attorneys, as well as all other natural persons in the employ of or otherwise acting or purporting to act on its behalf.

7. The term "TDTong" refers to TDTong ltd. and its present or former owners, directors, officers, partners, employees, agents, consultants, experts, representatives, and attorneys, as well as all other natural persons in the employ of or otherwise acting or purporting to act on its behalf.

8. The term "Tong" refers to Teddy Tong and his employees, agents, consultants, experts, representatives, and attorneys, as well as all other natural persons in his employ or otherwise acting or purporting to act on his behalf.

### CLAIMS OF PRIVILEGE

1. If any document called for herein is withheld from production for any reason, including, but not limited to, on a claim of privilege or other asserted protection against

discovery by any statute, rule, doctrine, decision or other ground, please provide a privilege log setting forth the following information for each document withheld:

    (a)    A description of the document, including the type of document, date, author, and recipient;

    (b)    The basis for withholding the document;

    (c)    A brief description by subject matter of the privileged matter; and

    (d)    The request(s) as to which the document is responsive.

## DOCUMENTS REQUESTED

1. Any document or communication that reflects the contact information for the person for whom you host <gayhost.org>.

2. Any document or communication that reflects the account number, billing information, or any other contact information relating to the means of payment used to compensate you for hosting <gayhost.org>, including but not limited to any credit card(s), bank wire(s) or PayPal account(s).

3. A list of all domain names you host that are registered by, paid for, or otherwise associated with Tong or TDTong.

CHI 56744165v2 7/18/2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QSOFT CONSULTING, LIMITED | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-391 (JJF) |
| | ) | |
| TEDDY TONG and TDTONG LTD. | ) | |
| | ) | |
| Defendants. | ) | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT
TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON TAKING
OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

*To the extent that this request may be handled in an expedited manner, the Requesting
Authority respectfully requests that it be so handled.*

1. **Sender:**

   United States District Court For the District of Delaware
   J. Caleb Boggs Federal Building
   844 North King Street
   Wilmington, Delaware 19801
   U.S.A.

2. **Central Authority of the Requested State:**

   The Ministry of Justice of the Russian Federation
   ul.Zhitnaya, 14
   Moscow, 117970
   Russian Federation

3. **Person to whom the executed request is to be returned:**

   Hon. Joseph J. Farnan, Jr.
   United States District Judge
   United States District Court for the District of Delaware
   J. Caleb Boggs Federal Building
   844 North King Street
   Room 4124, Lockbox 27
   Wilmington, Delaware, 19801 U.S.A.
   Phone: (302) 573-6155

4. **In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:**

    *a.*    *Requesting judicial authority:*

        United States District Court for the District of Delaware
        844 North King Street
        Room 4124, Lockbox 27
        Wilmington, Delaware, 19801 U.S.A.
        Phone: (302) 573-6155

    *b.*    *To the competent authority of:*

        The Russian Federation

    *c.*    *Names and addresses of the parties and their representatives:*

        *PLAINTIFF:*

            QSOFT CONSULTING LIMITED

        *REPRESENTATIVES:*

            Paul D. McGrady, Jr.
            Anthony L. Abboud
            Paul A. Del Aguila
            Jason B. Elster
            77 West Wacker Drive, Suite 2500
            Chicago, Illinois 60601
            312-456-8400

            -and-

            Donald J. Detweiler
            Sandra G. M. Selzer
            The Nemours Building
            1007 North Orange Street, Suite 1200
            Wilmington, DE 19801
            302-661-7000

        *DEFENDANTS:*

            TEDDY TONG and TD TONG LTD.

        *REPRESENTATIVES:*

            Unknown

5.  **Nature and purpose of the proceedings and summary of the facts:**

    This is a civil suit. Plaintiff QSOFT CONSULTING LIMITED has accused Defendants Teddy Tong and TD Tong Ltd. of violating the federal Controlling the Assault of Non-Solicited Pornography and Marketing Act, the Computer Fraud and Abuse Act, the Anticybersquatting Consumer Protection Act, Section 43(c) of the Lanham Act, Delaware's Deceptive Trade Practice Act, and is also asserting common law trespass to chattel and breach of contract claims. To date, the Defendants have yet to contact Plaintiff's counsel or make a formal court appearance.

6.  **Evidence to be obtained or other judicial act to be performed:**

    It is requested that Webmoney Transfer Ltd. ("Webmoney") produce certain documents that relate to the Defendants' use of Webmoney to pay for the following domain names: <gayhost.org>, <myqaydar.com>, <gaydarguyz.com>, <gaydarboys.net>, and <gaydarcams.net>. The document request is limited in scope and sufficiently specific so as to minimize the burden on Webmoney.

7.  **Identity and address of any person to be examined:**

    N/A

8.  **Questions to be put to the person to be examined or statement of the subject matter about which he is to be examined:**

    N/A

9.  **Documents or other property to be inspected:**

    Generally, Plaintiff is seeking documents relating to Defendants' use of Webmoney to purchase various domain names at issue in the underlying action. Webmoney is located at 119049, 7 Koroviy Val str., Moscow, Russia. For the specific document requests, see the Subpoena Rider attached hereto as **Exhibit 1**.

10. **Any requirement that the evidence to be given on oath or affirmation and any specific form to be used:**

    None.

11. **Special methods or procedure to be followed:**

    It is requested that:

    (a)  Webmoney produce the requested documents before September 13, 2007 to:

    Greenberg Traurig, LLP, c/o Jason Elster

       77 West Wacker Drive, Suite 2500,
       Chicago, Illinois 60601
       U.S.A.

(b)   if any document called for herein is withheld from production for any reason, including, but not limited to, on a claim of privilege or other asserted protection against discovery by any statute, rule, doctrine, decision or other ground, Webmoney provide the following information in writing for each document withheld: 1) a description of the document; 2) a statement of facts constituting the basis for withholding the document; 3) a brief description by subject matter of the privileged matter; and 4) the request(s) as to which the document is responsive; and

(c)   if any dispute arises as to whether certain documents should or should not be produced because of privilege or any other reason, that Webmoney contact attorneys for Plaintiff to discuss a mutually acceptable solution.

12. **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified:**

Please notify the following persons when and where the documents are to be produced:

Donald J. Detweiler
Sandra G. M. Selzer
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
302-661-7000
*detweilerd@gtlaw.com*
*selzers@gtlaw.com*

      -and-

Paul D. McGrady, Jr.
Anthony L. Abboud
Paul A. Del Aguila
Jason B. Elster
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
312-456-8400

13. **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:**

    None.

14. **Specification of privilege or duty to refuse to give evidence under the law of the State of origin:**

    Webmoney may refuse to produce any document requested under Section 9 above and Exhibit 1 if such document (1) is privileged under a recognized privilege such as the attorney-client privilege, or (2) is attorney work product.

15. **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

    QSOFT CONSULTING LIMITED

    Paul D. McGrady, Jr.
    Anthony L. Abboud
    Paul A. Del Aguila
    Jason B. Elster
    GREENBERG TRAURIG, LLP
    77 West Wacker Drive, Suite 2500
    Chicago, Illinois 60601
    312-456-8400

16. **Date of request:**

    August 15, 2007

17. **Signature and seal of the requesting authority:**

    Honorable Joseph J. Farnan, Jr.,
    United States District Court Judge

# EXHIBIT 1

## SUBPOENA RIDER

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to permit inspection and copying of the following designated books, documents, or tangible things in your possession, custody, or control, at the place and time designated in the Subpoena accompanying this Subpoena Rider.

### DEFINITIONS

1. The term "communication" is used in its broadest sense, and means any transmission of information from one person or entity to another, by any means.

2. The term "document" is intended in the broadest sense allowable under the Federal Rules of Civil Procedure, and includes, but is not limited to, any tangible thing and any printed, written, recorded, taped, electronic, graphic, computerized printout, or other matter from any source, however produced or reproduced, whether printed or recorded or reproduced by any other mechanical, photographic, xerographic or electronic process, or written or produced by hand, including but not limited to, any information contained in any computer, computer memory or memory media, including, but not limited to, any personal computer, laptop computer, Palm Pilot, Blackberry, or similar device, and any information recorded on volatile or nonvolatile media, hard disks, and floppy disks by magnetic or electronic impulse, although not yet printed, and all drafts, revisions, foreign language versions or translations to English of any of the foregoing, and all non-identical copies of any item listed above. The term "document" specifically includes any and all materials sent or stored on any e-mail or other electronic communication system.

3. The term "person" means any natural person or any legal entity, including a

proprietorship, partnership, trust, firm, corporation, association, governmental agency, or other organization or association.

4. The terms "reflecting," "regarding," "referring to," and "relating to" mean constituting, consisting of, associated with, or in any way connected with the matter discussed, in whole or in part.

5. The term "contact information" means telephone numbers, facsimile numbers, physical addresses, electronic mail addresses, post office box numbers, mailing addresses, or forwarding addresses of any kind.

6. The terms "Webmoney," "you," "your," and "yours" refer to Webmoney Transfer Ltd. and its present or former owners, directors, officers, partners, employees, agents, consultants, experts, representatives, and attorneys, as well as all other natural persons in the employ of or otherwise acting or purporting to act on its behalf.

7. The term "TDTong" refers to TDTong ltd. and its present or former owners, directors, officers, partners, employees, agents, consultants, experts, representatives, and attorneys, as well as all other natural persons in the employ of or otherwise acting or purporting to act on its behalf.

8. The term "Tong" refers to Teddy Tong and his employees, agents, consultants, experts, representatives, and attorneys, as well as all other natural persons in his employ or otherwise acting or purporting to act on his behalf.

## CLAIMS OF PRIVILEGE

1. If any document called for herein is withheld from production for any reason, including, but not limited to, on a claim of privilege or other asserted protection against

discovery by any statute, rule, doctrine, decision or other ground, please provide a privilege log setting forth the following information for each document withheld:

    (a)    A description of the document, including the type of document, date, author, and recipient;

    (b)    The basis for withholding the document;

    (c)    A brief description by subject matter of the privileged matter; and

    (d)    The request(s) as to which the document is responsive.

## DOCUMENTS REQUESTED

1. Any document or communication that reflects the contact information for the owner of purse Z386887046491.

2. Any document or communication that reflects the account number, billing information, or any other contact information relating to the means of payment used to open, register, create, or otherwise deposit funds into purse Z386887046491, or to compensate you for your services related to purse Z386887046491, including but not limited to any credit card(s), bank wire(s) or PayPal account(s).

3. A list of all accounts, e-wallets, or purses registered by, paid for, or otherwise associated with, Tong or TDTong.