OAO 88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF Delaware

QSOFT CONSULTING, LIMITED

V.

TEDDY TONG and TD TONG LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-cv-391 (JJF)

TO: U.S. Bank National Association
c/o the Corporation Trust Company
Corporation Trust Center, 1209 Orange Street
Wilmington, Delaware 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Subpoena Rider A

| PLACE  Greenberg Traurig, LLP, c/o Sandra G. M. Selzer, Esquire
The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 | DATE AND TIME
October 5, 2007, 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | |
|---|---|
| | DATE AND TIME |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Sandra G. M. Selzer , attorney for plaintiff. | September 20, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra G. M. Selzer, Esq. (Bar No. 4283) - The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801, 302-661-7000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED: | | |

SERVED ON (PRINT NAME)          MANNER OF SERVICE

SERVED BY (PRINT NAME)          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

| PROOF OF SERVICE | |
|---|---|
| **SERVED** DATE<br>9/20/07 | PLACE<br>C/O THE CORPORATION TRUST CO. 1209 ORANGE ST. WILMINGTON, DE |
| SERVED ON (Print Name)<br><br>U.S. BANK NATIONAL ASSOCIATION | MANNER OF SERVICE<br><br>ACCEPTED BY  NON-EST<br>CT HAD NO RECORD |
| SERVED BY (Print Name)<br><br>KEVIN DUNN | TITLE<br><br>**Private Process Server** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the law of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

**Executed on:**   9/20/07

SIGNATURE OF SERVER
BRANDYWINE PROCESS SERVERS, LTD.
P. O. BOX 1360
WILMINGTON, DE 19899-1360
(302) 475 - 2600

Superior Court Civil Rule 45, Parts C, D & E*

*(c) Protection of Persons subject to Subpoenas*

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena. The Curt shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance,
 (ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
 (iii) subjects a person to undue burden.

(B) If a subpoena
 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

**(d) *Duties in Responding to Subpoena.***

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**(e) *Contempt.***

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed contempt of court.

# EXHIBIT 1

## SUBPOENA RIDER

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to permit inspection and copying of the following designated books, documents, or tangible things in your possession, custody, or control, at the place and time designated in the Subpoena accompanying this Subpoena Rider.

## DEFINITIONS

1. The term "communication" is used in its broadest sense, and means any transmission of information from one person or entity to another, by any means.

2. The term "document" is intended in the broadest sense allowable under the Federal Rules of Civil Procedure, and includes, but is not limited to, any tangible thing and any printed, written, recorded, taped, electronic, graphic, computerized printout, or other matter from any source, however produced or reproduced, whether printed or recorded or reproduced by any other mechanical, photographic, xerographic or electronic process, or written or produced by hand, including but not limited to, any information contained in any computer, computer memory or memory media, including, but not limited to, any personal computer, laptop computer, Palm Pilot, Blackberry, or similar device, and any information recorded on volatile or nonvolatile media, hard disks, and floppy disks by magnetic or electronic impulse, although not yet printed, and all drafts, revisions, foreign language versions or translations to English of any of the foregoing, and all non-identical copies of any item listed above. The term "document" specifically includes any and all materials sent or stored on any e-mail or other electronic communication system.

3. The term "person" means any natural person or any legal entity, including a

proprietorship, partnership, trust, firm, corporation, association, governmental agency, or other organization or association.

4. The terms "reflecting," "regarding," "referring to," and "relating to" mean constituting, consisting of, associated with, or in any way connected with the matter discussed, in whole or in part.

5. The term "contact information" means telephone numbers, facsimile numbers, physical addresses, electronic mail addresses, post office box numbers, mailing addresses, or forwarding addresses of any kind.

6. The terms "U.S. Bank," "you," "your," and "yours" refer to U.S. Bank National Association and its present or former owners, directors, officers, partners, employees, agents, consultants, experts, representatives, and attorneys, as well as all other natural persons in the employ of or otherwise acting or purporting to act on its behalf.

7. The term "TDTong" refers to TDTong ltd. and its present or former owners, directors, officers, partners, employees, agents, consultants, experts, representatives, and attorneys, as well as all other natural persons in the employ of or otherwise acting or purporting to act on its behalf.

8. The term "Tong" refers to Teddy Tong and his employees, agents, consultants, experts, representatives, and attorneys, as well as all other natural persons in his employ or otherwise acting or purporting to act on his behalf.

9. The term "Target Credit Cards" refers to the Visa credit card accounts issued by U.S. Bank National Association, 4325 17th Ave., SW, Fargo, North Dakota 58125, with the following account information:

    a. Card number 4793470096628746, expiration 12/2008; and

b. Card number 4793470063032070, expiration 8/2008.

## CLAIMS OF PRIVILEGE

1. If any document called for herein is withheld from production for any reason, including, but not limited to, on a claim of privilege or other asserted protection against discovery by any statute, rule, doctrine, decision or other ground, please provide a privilege log setting forth the following information for each document withheld:

   (a) A description of the document, including the type of document, date, author, and recipient;

   (b) The basis for withholding the document;

   (c) A brief description by subject matter of the privileged matter; and

   (d) The request(s) as to which the document is responsive.

## DOCUMENTS REQUESTED

1. Any document or communication that reflects the contact information for the owner of the Target Credit Cards.

2. Any document or communication that reflects the account number, billing information, or any other contact information relating to the means of payment used to open, register, create, repay, or otherwise transfer funds in regards to the Target Credit Cards.

3. Any document or communication that reflects detailed account activity for the Target Credit Cards from January 1, 2006 to the present, including but not limited to purchases, payments, interest charges, or account modifications, and the dates for each activity.

4. A list of all accounts, credit cards, or debit cards registered by, paid for, or otherwise associated with, Tong or TDTong.